UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOKIO MARINE SPECIALTY INSURANCE COMPANY, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO.: |
| FLOW-CHEM TECHNOLOGIES, LLC and ASPEN SPECIALTY INSURANCE COMPANY, | _____ |
| *Defendants.* | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Tokio Marine Specialty Insurance Company ("Tokio Marine") brings this action for declaratory judgment against defendants Flow-Chem Technologies, LLC ("Flow-Chem") and Aspen Specialty Insurance Company ("Aspen"):

1.

Tokio Marine brings this Complaint for Declaratory Judgment in accordance with 28 U.S.C. §§ 2201 and 2202. An actual case or controversy exists between Tokio Marine and Flow-Chem and Aspen.

## PARTIES

2.

Tokio Marine is an insurance company organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. Tokio Marine is a citizen of the State of Delaware and the State of Pennsylvania. Tokio Marine issued and delivered the insurance policy

that is the subject of this declaratory judgment action to Dorf Ketal Chemicals, LLC (the "Insured") at its offices in Houston, Texas.

3.

Flow-Chem is a limited liability company organized and existing under the laws of the State of Louisiana and has its principal place of business in the State of Louisiana. After reasonable investigation, and upon information and belief, Flow-Chem's sole member is Dorf Ketal Chemicals, LLC, which has as its sole member Dorf Ketal Chemicals (I) Pvt Ltd, a citizen of India. Because the citizenship of a limited liability company is determined by the citizenship of its members, Flow-Chem is a citizen of India. Flow-Chem is a resident of the State of Texas in that it conducts business in and has multiple locations in Texas, and may be served by serving its Registered Agent for Service of Process, C.T. Corporation System, 1999 Bryan St. - Suite 900, Dallas, TX 75201-3136.

4.

Aspen is a North Dakota corporation engaged in the insurance business with its principal place of business in Connecticut. Aspen is a citizen of the State of North Dakota and the State of Connecticut. Aspen is a resident of the State of Texas and this District, having issued from its offices in Houston, Texas and through a broker in Houston, Texas, the insurance policy under which it has defended and indemnified Flow-Chem and for which it is seeking contribution from Tokio Marine. Aspen is an authorized surplus lines carrier in Texas and may be served by serving its Registered Agent for Service of Process, Corporation Service Company, 211 7th St. Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

### 5.

This Honorable Court has jurisdiction over the subject matter of this action in accordance with 28 U.S.C. §1332, as there is complete diversity of citizenship between the parties.

### 6.

In accordance with 28 U.S.C. §1332(c)(1), Plaintiff Tokio Marine is a citizen of Delaware where it is incorporated and a citizen of Pennsylvania where it maintains its principal place of business. For the purpose of determining diversity of citizenship, upon information and belief, defendant Flow-Chem is a citizen of India, where its ultimate parent is incorporated, and defendant Aspen is a citizen of North Dakota, where it is incorporated, and a citizen of Connecticut, where it maintains its principal place of business. Therefore, complete diversity exists between Plaintiff Tokio Marine and Defendants Flow-Chem and Aspen.

### 7.

The amount in controversy for a declaratory judgment is the value of the object of the litigation. The object of the litigation is the demand for defense and indemnity coverage made by Aspen under a policy of insurance issued by Tokio Marine, for a portion of the amount Aspen has paid to Flow-Chem, as well as for any future defense and indemnity to be paid. Information provided by Aspen indicates that it has paid approximately $100,000 in defense costs and in excess of $3,000,000 in indemnity payments. Accordingly, the demand for defense and indemnity coverage made by Aspen under the Tokio Marine policy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

8.

Venue is proper in this judicial district under 28 U.S.C. §1391(b). For purposes of venue under 28 U.S.C. §1391(c)(2), Flow-Chem and Aspen are each residents of Texas. Additionally, a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of this action is situated in this district in that Tokio Marine, acting at the direction of the Insured's producer located in Austin, Texas, issued the insurance policy that is the subject of this dispute to the Insured at its designated office address of 11200 Westheimer Road – Suite 400, Houston, Texas. Further, as stated above, Aspen issued its insurance policy to Flow-Chem from its offices in Houston through its broker located in Houston. Aspen is to receive notices of claim at its offices in Houston. Thus, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## FACTUAL BACKGROUND

9.

On or about May 3, 2018, a fire erupted at Flow-Chem's chemical blending facility located in Rayne, Louisiana.

10.

Upon information and belief, the fire occurred during the transfer of mineral spirits from a 330-gallon tote tank to a 550-gallon stainless steel tank during the course of operations inside Flow-Chem's facility. The fire was not contained and, reportedly, caused the release of other chemicals located in the building.

11.

It was further reported that the fire department responded to the fire and, in the course of addressing the fire, caused chemical-contaminated water to migrate into nearby drainage ditches and a canal.

12.

Flow-Chem's insurer, Aspen, claims that it paid for the remediation of on-site and off-site contamination arising from the fire at Flow-Chem's chemical blending facility located in Rayne, Louisiana pursuant to its obligations under Aspen Commercial General Liability & Environmental Exposure Policy No. ERACY8117 (effective July 1, 2017 to July 1, 2018) and Aspen Commercial Environmental Excess Follow Form Policy No. EXACY8217 (effective July 1, 2017 to July 1, 2018).

13.

Aspen also alleges that it is providing a defense to its insured, Flow-Chem, under the Aspen Policies relative to several lawsuits arising from the fire, captioned *Tony Lagrange, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10336 (15th JDC, State of Louisiana); *Demetrius Coleman, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10425 (15th JDC, State of Louisiana); *Michelle Nonette, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10415 (15th JDC, State of Louisiana); and *Big R Little S, LLC v. Flow-Chem Technologies, LLC*, Case No. 2019-10030 (15th JDC, State of Louisiana) (collectively, the "Underlying Actions"), copies of which are attached hereto as **Exhibits "B" – "E**."

14.

The Insured is not a party to the Underlying Actions.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                      Page 5 of 14

15.

Aspen has made demand on Tokio Marine for contribution and sharing of Aspen's payment of remediation, defense and indemnity costs on behalf of Flow-Chem arising from the May 2018 fire and the Underlying Actions. Aspen asserts that Flow-Chem is entitled to coverage, defense and indemnification for the fire and the Underlying Actions under a policy of insurance issued by Tokio Marine to the Insured, described below.

## THE TOKIO MARINE POLICY

16.

Tokio Marine issued a premises environmental policy, No. PPK1714801, effective September 21, 2017 to September 21, 2020, to the Insured (the "Tokio Marine Policy"). A true copy of the Tokio Marine Policy is attached hereto as **Exhibit "A"** and incorporated fully herein by reference.

17.

The Tokio Marine Policy is limited to claims-made premises environmental insurance coverage, under a Premises Environmental Coverage Form (PIC-EVPN-002 (11/09)) and as amended and modified by various endorsements.

18.

The Tokio Marine Policy provides certain claims-made remediation expense and liability coverage, which is tied to specific property that is identified in the policy. The insuring agreement states, in pertinent part, as follows:

    **I.  INSURING AGREEMENT**

        **A.  Remediation Expense and Liability**

            **1.  Remediation of On-Site Contamination**

We will pay for **remediation expense** resulting from **contamination** on or under **your insured location**.

…

**2. Remediation of Off-Site Contamination**

We will pay for **remediation expense** resulting from **contamination** migrating from and beyond the boundaries of **your insured location.**

…

**B. Bodily Injury and Property Damage Resulting from Contamination**

We will pay for **loss** that the **insured** becomes legally obligated to pay as a result of a **claim** for **bodily injury** or **property damage** arising out of **contamination** on, or under or migrating from **your insured location**, provided such **claim** is first made against the **insured** and reported to us during the **policy period**, or within the **extended reporting period**.

…

*Id*. at Section I. Insuring Agreements.

19.

The Tokio Marine Policy defines the term **your insured location** to mean "any property or location approved by us and listed in ITEM 3 of the Declarations Page or Your Insured Location Schedule endorsed to this policy." *Id*. at Section II. Definitions, ¶X.

20.

The "Your Insured Location Schedule" Endorsement to the Tokio Marine Policy only identifies two locations, stating that "[i]t is hereby agreed that the following locations are scheduled as **your insured location**: 11200 Westheimer Road, Suite 400, Houston, TX 77042 [and] 13110 Mula Court, Stafford, TX 77477." *Id*. at Your Insured Location Schedule Endorsement.

21.

At no time relevant to this action did the Tokio Marine Policy ever list the Flow-Chem facility in Rayne, Louisiana as a **your insured location**.

22.

At no time relevant to this action did the Insured, Flow-Chem or anyone else ever request that Tokio Marine list or insure the Rayne, Louisiana facility as a **your insured location**.

23.

Because the Tokio Marine Policy does not identify the Flow-Chem facility in Rayne, Louisiana as a **your insured location**, according to Section I. Insuring Agreement of the Tokio Marine Policy, no coverage is available for any **contamination remediation expense** or liability relative to the Flow-Chem site, or for any **bodily injury** or **property damage** claim arising out of **contamination** on, or under or migrating from that site as a result of the May 3, 2018 fire or otherwise.

24.

In addition to obtaining coverage for its own facilities, the Insured purchased additional limited claims-made coverage to protect itself from liability for incidents occurring at locations it did not own, mange, operate or lease. The Insured obtained this additional coverage through a manuscript Blanket and Scheduled Non-Owned Location Coverage Endorsement that acknowledged Tokio Marine was providing the endorsement "in reliance upon the statements that [the Insured] provided to us in the application and other supplemental information concerning your non-owned locations(s) or scheduled non-owned locations." Tokio Marine Policy, Blanket and Scheduled Non-Owned Location Coverage at 1.

25.

The Blanket and Scheduled Non-Owned Location Coverage Endorsement modifies the Premises Environmental Coverage Form of the Tokio Marine Policy by, *inter alia*, adding the following Insuring Agreement:

Section I. Insuring Agreements is amended to include the following:

> **Non-Owned Locations – Bodily Injury, Property Damage and Remediation Expense**
>
> We will pay for **loss** or **remediation expense** that the **insured** becomes legally obligated to pay as a result of a **claim** for **bodily injury**, **property damage** or **remediation expense** arising out of **contamination** on, under or migrating from a **non-owned location** or **scheduled non-owned location**, provided such **claim** is first made against the **insured** and reported to us in writing during the **policy period**, or within the **extended reporting period**.

*Id.*

26.

The Tokio Marine Policy defines the terms **non-owned location** and **scheduled non-owned location** as follows:

> **Non-owned location** means a facility used for the recycling, treatment, storage or disposal of the insured's waste or materials generated at your insured location, but only if at the time the facility accepts the insured's waste, the facility:
> a. is not owned, managed, operated or leased by the insured or a parent, subsidiary or affiliate of the insured;
> b. is permitted and/or licensed under the applicable regulations or laws to accept and process such materials or waste;
> c. is not subject to any action under CERCLA or a similar or equivalent federal, state, local or provincial statute, regulation or ordinance;
> d. has not ever been listed on the Federal National Priorities List or state or provincial equivalent (State Superfund or Hazardous Site List); and
> e. is not insolvent or in bankruptcy.
>
> **Scheduled Non-owned location** means a site that is not owned, leased, managed or operated by you, your parent, subsidiaries or affiliates and scheduled to this policy in this endorsement.

*Id.*

27.

At the time the Tokio Marine Policy was issued effective September 21, 2017, the Insured represented that neither it nor its parent or any subsidiary or affiliated company owned, managed, operated or leased the Flow-Chem facility in Rayne, Louisiana. Instead, the Insured

identified the Rayne, LA facility as a non-owned location in the Blanket and Scheduled Non-Owned Location Coverage endorsement. Therefore, this endorsement did not create coverage for Flow-Chem. At most, it afforded coverage to the Insured for claims arising out of contamination at the Flow-Chem facility in Rayne, LA.

28.

Aspen claims Flow-Chem is entitled to coverage for the Underlying Actions as an **insured** under the Tokio Marine Policy because Flow-Chem is now a subsidiary of the Insured. However, at no time prior to the fire at the Flow-Chem facility in Rayne, Louisiana on May 3, 2018 did the Insured or anyone else inform Tokio Marine that Flow-Chem's status had changed after the Tokio Marine Policy was issued such that Flow-Chem had become a subsidiary of the Inured. Nor  did the Insured at any time prior to the fire (or thereafter) request that Tokio Marine change Flow-Chem's Rayne, LA facility (or any other Flow-Chem facility) from a **scheduled non-owned location** to a **your insured location** so that Flow Chem would be covered for contamination at that site. Flow-Chem had no need for such coverage under the Tokio Marine Policy as it already had coverage for that location through Aspen.

29.

For Flow-Chem to be covered as an insured subsidiary of the Insured for the incident and contamination which is the subject of the Underlying Actions, Flow-Chem's Rayne, LA facility would have had to have been identified as a **your insured location**, which it was not. On the other hand, if Flow-Chem was an insured subsidiary of the Insured at the time, then the Rayne, LA facility would not qualify as a **scheduled non-owned location** under the Blanket and Scheduled Non-Owned Location Coverage Endorsement of the Tokio Marine Policy, because it in fact would be an owned facility.

## CASE AND CONTROVERSY

30.

Tokio Marine avers that it has no insuring obligation in favor of Flow-Chem with respect to the May 3, 2018 incident and the Underlying Actions under the Tokio Marine Policy.

31.

Flow-Chem and Aspen dispute that Tokio Marine has no insuring obligation in favor of Flow-Chem with respect to the May 3, 2018 incident and the Underlying Actions under the Tokio Marine Policy.

32.

An actual case and controversy has arisen with respect to the duties and obligations, if any, Tokio Marine may have to defend or indemnify Flow-Chem with respect to the May 3, 2018 incident and the Underlying Actions under the Tokio Marine Policy, and with respect to whether Tokio Marine owes contribution, indemnity or any other legal or equitable obligation to Aspen under the Tokio Marine Policy relative to Flow-Chem and the May 3, 2018 incident and the Underlying Actions.

## <u>COUNT I</u>
## <u>DECLARATORY JUDGMENT</u>
### (No Duty to Defend or Indemnify Under the Tokio Marine Policy)

33.

Plaintiff Tokio Marine incorporates by reference the foregoing averments of this pleading as if the same were set forth more fully herein at length.

34.

Tokio Marine has no insuring obligation in favor of Flow-Chem relative to the May 3, 2018 incident and the Underlying Actions, pursuant to the express terms, conditions, provisions, and exclusions of the Tokio Marine Policy and prevailing law.

35.

As the Flow-Chem facility in Rayne, Louisiana is not identified or included in the Tokio Marine Policy as a **your insured location**, pursuant to the Section I. Insuring Agreement of the Premises Environmental Coverage Form of the Tokio Marine Policy, no coverage is available for any **contamination remediation expense** or liability relative to the Flow-Chem site, or for any **bodily injury** or **property damage** claim arising out of **contamination** on, or under or migrating from the Flow-Chem site..

36.

Moreover, if the Rayne, LA facility truly was a **scheduled non-owned location** at the time of the May 3, 2018 incident, then only the Insured—and not Flow-Chem—is entitled to coverage under the Tokio Marine Policy. On the other hand, if Flow-Chem was a subsidiary of the Insured at the time of the incident, there is no coverage for the Rayne, LA facility because it does not qualify as a **scheduled non-owned location** under the Blanket and Scheduled Non-Owned Location Coverage endorsement of the Tokio Marine Policy. Either way, no coverage is available under that Endorsement for the May 3, 2018 incident or the Underlying Actions.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    Page 12 of 14

37.

Tokio Marine reserves all rights to file additional claims, causes of action, incidental pleadings, and to assert additional, supplemental positions, such as the facts may later disclose and require.

## **PRAYER**

WHEREFORE, Plaintiff Tokio Marine Specialty Insurance Company respectfully requests that this Honorable Court:

(a)    Declare that Tokio Marine Specialty Insurance Company owes no defense, indemnity or other insuring obligation to Flow-Chem Technologies, LLC relative to the May 3, 2018 incident, the environmental remediation claims arising from the Flow-Chem facility in Rayne, Louisiana, or relative to the civil actions styled *Tony Lagrange, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10336 (15th JDC, State of Louisiana); *Demetrius Coleman, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10425 (15th JDC, State of Louisiana); *Michelle Nonette, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10415 (15th JDC, State of Louisiana); and *Big R Little S, LLC v. Flow-Chem Technologies, LLC*, Case No. 2019-10030 (15th JDC, State of Louisiana);

(b)    Declare that Tokio Marine Specialty Insurance Company owes no contribution, indemnity or other legal or equitable obligation to Aspen Specialty Insurance Company under the Tokio Marine Policy relative to the May 3, 2018 incident, the environmental remediation claims arising from the Flow-Chem facility in Rayne, Louisiana, or relative to the civil actions styled *Tony Lagrange, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10336 (15th JDC, State of Louisiana);

*Demetrius Coleman, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10425 (15th JDC, State of Louisiana); *Michelle Nonette, et al. v. Flow-Chem Technologies, LLC*, Case No. 2019-10415 (15th JDC, State of Louisiana); and *Big R Little S, LLC v. Flow-Chem Technologies, LLC*, Case No. 2019-10030 (15th JDC, State of Louisiana); and

(c)     Enter an Order and/or Judgment for such other or alternative relief as the Court may deem appropriate under the circumstances or as consistent with the claims and causes asserted in this action.

Respectfully Submitted,

*/s/ w. Neil Rambin*
W. NEIL RAMBIN
ATTORNEY-IN-CHARGE
State Bar No. 16492800
Southern District No. 5450
rambindocket@faegredrinker.com

OF COUNSEL:
DAVID C. KENT
State Bar No. 11316400
Southern District No. 9006
david.kent@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**PLAINTIFF'S ORIGINAL COMPLAINT**                      Page 14 of 14